UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESLEY POIROUX** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21–1815** |
| **TRAWLER BECKY LYN, INC.** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or alternatively, for Transfer** (Rec. Doc. 7) is **DENIED** as premature;

**IT IS FURTHER ORDERED** that the parties are granted **60 days** from entry of this order to conduct discovery directed to the issues of personal jurisdiction and venue, after which defendant may re-urge its motion if appropriate.

BACKGROUND

This is a Jones Act claim brought by a crew member on a shrimping vessel who alleges that he was injured when he fell over a hose left out on the deck. Plaintiff is a citizen of Alabama, and the vessel, F/V LADY TIFFANY, is owned by Trawler Becky Lyn, Inc., an Alabama corporation. On the voyage in question, the vessel departed on a shrimping expedition in the Gulf of Mexico on August 24, 2021, from Bayou La Batre, Alabama. On August 27, 2021, in an effort to avoid Hurricane Ida, it returned to Bayou La Batre, Alabama where it docked.[1]

---

[1] In his complaint, plaintiff alleges the accident occurred on August 28, 2021. Subsequently, it has been established that the voyage was over and the vessel was docked at

Plaintiff alleges that the voyage took the vessel to the coast of Louisiana. Defendant has submitted the affidavit of defendant's owner, Lindsey Burroughs, Jr., averring that he tracked the vessel the entire time it was in the Gulf and it never entered Louisiana waters.

In the instant motion, defendant seeks dismissal arguing that it is not subject to personal jurisdiction in Louisiana and that venue is improper in the Eastern District of Louisiana. Alternatively, defendant seeks transfer to the Southern District of Alabama. Plaintiff opposes, arguing that because the injury occurred in Louisiana waters, specific personal jurisdiction is present and venue in the Eastern District of Louisiana is proper. Alternatively, plaintiff requests time for additional discovery directed to jurisdiction and venue, in order to establish where the accident occurred.

## LEGAL STANDARD

*Personal Jurisdiction*

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a defendant can move to dismiss an action against it for lack of personal jurisdiction. "The plaintiff bears the burden of establishing [personal] jurisdiction but is required to present only prima facie evidence." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). The allegations of the complaint, except as controverted by opposing affidavits, are taken as true and all factual conflicts are resolved in the plaintiff's favor. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985). In resolving a motion to dismiss for lack of personal

---

Bayou La Batre on that date. Plaintiff concedes this fact and contends that the accident, which he alleges took place during the voyage, likely occurred on or about August 26, 2021.


jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) (quotations omitted). Further, courts may permit discovery to allow the parties to ascertain facts relevant to determining personal jurisdiction. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 & n. 13 (1978).

Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the due process clause. ICEE Distrib., Inc. v. J&J Snack Foods, 325 F.3d 586, 591 (5th Cir. 2003). Because Louisiana's long-arm statute extends to the limits of the due process clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process. See Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999). Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316(1945) (internal quotation and citation omitted).

Depending on the extent and quality of a defendant's contacts with a forum, personal jurisdiction may be either specific jurisdiction or general jurisdiction. In the present case, specific jurisdiction is alleged. Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum State and litigation results from alleged injuries that arise out of or relate to those activities." Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quotations omitted). The United States Court of Appeals for the Fifth Circuit applies a three-step analysis to determine specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or result from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth, 472 F.3d at 271.

*Improper Venue*

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action due to "improper venue." The court's authority to dismiss an action due to improper venue is governed by 28 U.S.C. § 1406. Section 1406(a) states that if an action is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When considering a Rule 12(b)(3) motion, the court accepts all undisputed facts contained in the plaintiff's pleadings as true, and factual conflicts are resolved in the plaintiff's favor. See Ginter ex rel. Ballard v. Belcher, Pendergast & Laporte, 536 F.3d 439, 448-49 (5th Cir. 2008). The court may consider evidence outside of the complaint and the attachments thereto in determining whether venue is proper. Ambraco Inc. v. Bossclip B. V., 570 F.3d 233, 238 (5th Cir. 2009).

In the present case, plaintiff argues that venue is proper in this district based on 28 U.S.C. §1391(b)(2), which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

4

## DISCUSSION

The foregoing demonstrates that for personal jurisdiction over defendant to be present, defendant must have purposefully directed its activities at Louisiana, and the instant litigation must result from alleged injuries that arise out of or relate to those activities. To establish venue, a substantial part of the events or omissions giving rise to the claim occurred must have occurred in this district. Accordingly, where the accident occurred in this case is dispositive of the issues raised in defendant's motion.

That has not yet been established. Plaintiff alleges that at the relevant time, the F/V LADY TIFFANY was "engaged in commercial shrimping activity in the Gulf of Mexico adjacent to the coast of the State of Louisiana." Rec. Doc. 1, ¶ 3. Defendant, in moving for dismissal, has provided the affidavit of the M/V TIFFANY's owner averring that he tracked the vessel's location during the entire voyage through an automatic identification system (AIS), and at no point was the vessel in Louisiana territory. Rec. Doc. 7-2, ¶ 9. No additional supporting evidence was submitted.

Thus, the court is presented with a bare allegation from plaintiff and an unsupported self-serving affidavit from the defendant. This vacuum may be resolved through discovery. Evidence in the form of AIS tracking data, vessel logs that include g.p.s. data, or trip tickets indicating where shrimp were caught, would all serve to determine the answer to this question. The court therefore finds that additional discovery is necessary before the issues raised in the instant motion can be resolved. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss for Lack of Personal**

**Jurisdiction or Improper Venue, or alternatively, for Transfer** (Rec. Doc. 7) is **DENIED** as premature;

   **IT IS FURTHER ORDERED** that the parties are granted **60 days** from entry of this order to conduct discovery directed to the issues of personal jurisdiction and venue, after which defendant may re-urge its motion if appropriate.


   New Orleans, Louisiana, this  16th  day of December, 2021.


                    **MARY ANN VIAL LEMMON**
                    **UNITED STATES DISTRICT JUDGE**